IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

PHILLIP BROOKS,

    Movant,

v.

    Cv. No. 2:23-cv-02753-MSN-tmp
    Cr. No. 2:21-cr-20034-JTF-1

UNITED STATES OF AMERICA,

    Respondent.

**ORDER GRANTING GOVERNMENT'S MOTION TO DISMISS AND DENYING MOVANT'S MOTION UNDER 28 U.S.C. § 2255**

Before the Court is Movant Phillip Brooks' Motion to Vacate Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255(f)(3) (ECF No. 2, "Motion"), filed December 01, 2023. On December 21, 2023, this Court denied Movant's Motion to hold the case in abeyance, finding that no pending Supreme Court case directly addresses the issues presented in Movant's Motion. (ECF No. 4.) In that same Order, the Court directed the Government to respond. (*Id.*) The Government filed a Motion to Dismiss on January 17, 2024. (ECF No. 6.) Movant did not file a response. For the reasons stated below, the Government's Motion to Dismiss is **GRANTED**, and Movant's Motion is **DENIED**.

**BACKGROUND**

On July 13, 2021, Movant knowingly and voluntarily entered into a binding plea agreement before U.S. District Judge John T. Fowlkes, Jr., in Case No. 2:21-cr-20034. (Cr. 21-20034, ECF No. 22.) In that agreement, Movant expressly waived his right to challenge his conviction or sentence, including any collateral attack under 28 U.S.C. § 2255, except for claims related to

prosecutorial misconduct and ineffective assistance of counsel. (*Id*. at PAgeID 39.)

Movant pleaded guilty to one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1), and one count of possessing a firearm after a misdemeanor domestic violence conviction, a violation of 18 U.S.C. § 922(g)(9). (*Id* at PageID 37–40.)

Movant has an extensive criminal history, including multiple felony controlled substance offenses. (Cr. 21-20034, ECF No. 44 at PageID 102–129). His record also includes convictions for assault and numerous theft offenses. (*Id*.)

Despite this waiver, Movant now seeks post-conviction relief, arguing that his conviction under 18 U.S.C. § 922(g)(1) is unconstitutional in light of *New York State Rifle & Pistol Assoc. v. Bruen*, 142 S. Ct. 2111 (2022). The Government opposes Movant's Motion, asserting that Movant's claim is foreclosed by his waiver and that *Bruen* does not provide a basis for relief.

## **STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted).

## **DISCUSSION**

Movant's Motion fails for two independent reasons.

### A. **Movant Waived his Right to Collateral Review**

Movant knowingly and voluntarily waived his right to collaterally attack his conviction and sentence in his plea agreement. The Sixth Circuit has consistently enforced such waivers, even where changes in the law post-date a defendant's conviction. *See Portis v. United States*, 33 F.4th 331, 335–39 (6th Cir. 2022) (holding that subsequent legal developments do not render a collateral attack waiver unenforceable). Further, it is well settled that a defendant can waive any right, including a constitutional right, through a plea agreement. *United States v. Keller*, 665 F.3d 711, 715 (6th Cir. 2011) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)).

### B. **Movant's Constitutional Challenge Lacks Merit**

Even if Movant had not waived his right to collateral review, his claim to § 922(g)(1) under *Bruen* would still fail. The Sixth Circuit has reaffirmed that § 922(g)(1) is constitutional on its face and as applied to dangerous people." *United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024); *United States v. Parham*, 119 F.4th 488, 495 (6th Cir. 2024); *United States v. Goins*, 118 F.4th 794, 798-805 (6th Cir. 2024)

Movant has multiple prior felony controlled substance convictions and was classified in Criminal History Category VI at sentencing. (Cr. 21-20034, ECF No. 44 at PageID 102–129). Movant's extensive criminal history, including drug-related felonies and repeated violations of the law, places Movant squarely within the category of individuals § 922(g)(1) is designed to prohibit from possessing firearms.

## **APPELLATE ISSUES**

Pursuant to 28 U.S.C. § 2253(c)(1), the district court is required to evaluate the appealability of its decision denying a § 2255 motion and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b). No § 2255 movant may appeal without this certificate. The COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. § 2253(c)(2), (3). A "substantial showing" is made when the movant demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation and internal quotation marks omitted); *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

In this case, the Motion lacks merit and therefore Movant cannot present a question of substance about which reasonable jurists could differ. The Court therefore **DENIES** a certificate of appealability.

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith and leave to appeal *in forma pauperis* is **DENIED**. If Movant files a notice of appeal, he must

also pay the full appellate filing fee (*see* 28 U.S.C. §§ 1913 and 1917) or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days (*see* Fed. R. App. P. 24(a) (4)-(5)).

## **CONCLUSION**

For the reasons stated above, the Government's Motion to Dismiss (ECF No. 6) is **GRANTED**, and Movant's Motion under 28 U.S.C. § 2255 (ECF No. 2) is **DENIED**

**IT IS SO ORDERED**, this 4th day of February 2025.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE